**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROSINA OWUSU,
Petitioner,

v.

No. 95-2650

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Immigration & Naturalization Service.
(A72-370-045)

Submitted: May 21, 1996

Decided: May 31, 1996

Before HALL and MURNAGHAN, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, Arlington, Virginia, for Petitioner. Frank W.
Hunger, Assistant Attorney General, David M. McConnell, Senior
Litigation Counsel, Marion E. Guyton, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rosina Owusu, a native and citizen of Ghana, petitions for review of a final order by the Board of Immigration Appeals ("the Board") denying her application for asylum and directing that Owusu be deported if she failed to voluntarily depart. Finding that substantial evidence supports the Board's decision, we affirm.

Owusu entered the United States without inspection in January 1992. In its Order to Show Cause, the Immigration and Naturalization Service ("INS") charged Owusu with deportability under 8 U.S.C.A. § 1251(a)(1)(B), as an alien who had entered the United States without inspection. At her deportation hearing Owusu conceded deportability, but requested asylum under 8 U.S.C.A. § 1158(a) (West Supp. 1996), withholding of deportation pursuant to 8 U.S.C.A. § 1253(h) (West Supp. 1996), or voluntary departure pursuant to 8 U.S.C.A. § 1254(e) (West Supp. 1996).

Owusu's written application for asylum revealed that Owusu was a member of the New Patriotic Party which opposed the dictatorship in Ghana, which was in power in July 1991. In that same month, Owusu claimed that members of Peoples Revolutionary Front (supporters of the dictatorship), broke into the New Patriotic Party workshop, placed Owusu under arrest, and charged her with manufacturing and distributing seditious materials. Owusu was detained, interrogated, and released after she signed a declaration stating that she would cease her political activities. In September 1991, members of the Peoples Revolutionary Front came to Owusu's house and threatened to kill her and her husband if they did not cease their political activities. Fearing for her life, Owusu fled to the United States.

The Immigration Judge forwarded Owusu's asylum application to the State Department's Office of Asylum Affairs ("OAA") for an

2

assessment of her claim. By letter dated July 1994, the OAA stated that the human and civil rights situation in Ghana has dramatically improved since 1992. The letter related that in November 1992, free democratic elections were held for the first time in 11 years. Since that time, the human rights situation has improved significantly. In late 1992, the Carter Center concluded that human and civil rights had been fundamentally restored in Ghana. Further, the government has engaged in extensive talks with the New Patriotic Party in an effort to iron out any differences. The Ghana Supreme Court has demonstrated its independence in several key cases by ruling in favor of the New Patriotic Party. Finally, the Ghana government has granted amnesty to voluntary exiles outside Ghana.

Owusu testified in support of her application for asylum at an asylum hearing in March of 1994. Owusu recounted her extensive political activities on behalf of the women's division of the New Patriotic Party. Owusu testified about the July 1991 incident when the three soldiers came to her house, intimidated her, and took her to jail. She told how she was not released until she agreed in writing to cease her political activities. She testified that, despite signing the document, she continued her political efforts and a few months later, in September of 1991, she was, once again, visited by three soldiers who warned her to stop. At that point, Owusu testified that she decided to leave Ghana.

Factual determinations regarding an alien's statutory eligibility for asylum are reviewed for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The standard is extremely deferential, requiring a reviewing court to uphold the Board's denial unless an alien demonstrates that the evidence presented "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84.

To be eligible for a discretionary grant of asylum, an alien must demonstrate that she has been persecuted, or has a well-founded fear of persecution, in her native country on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C.A. §§ 1101(a)(42)(A), 1158 (West Supp. 1996); Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). The well-founded fear standard contains both a

3

subjective and objective component. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). The subjective element requires that the alien's fear be genuine. Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective component requires credible, direct, and specific evidence supporting a reasonable fear that the petitioner faces persecution. Id.; see also Sivaainkaran v. INS, 972 F.2d 161, 163 (7th Cir. 1992) (asylum applicant must present specific, detailed facts showing a good reason to fear that she will be singled out for persecution). Mere assertions of possible fear are insufficient. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir. 1988).

Owusu asserts that based on the evidence of record, a reasonable factfinder would have to conclude that she has a well-founded fear of persecution in Ghana. Owusu contends that the Board abused its discretion by unduly relying upon the State Department's Country Report for Ghana. Owusu further contends that exhibits she submitted at the hearing clearly demonstrated that many of the abuses of the dictatorship continue under the present civilian leadership. She also claims that since she was subject to these abuses in the past, she has a well-founded fear that she will continue to be subjected to them if she returns to Ghana.

We find, however, that substantial evidence supports the Board's affirmance of the Immigration Judge's finding that Owusu failed to establish a well-founded fear of persecution within the meaning of the statute. Given the changed circumstances in Ghana, the independence of the courts, the implementation of a democratically elected civilian government, and the government's negotiations with the New Patriotic Party, Owusu's evidence was insufficient to support a good reason to fear future persecution. Acewicz v. INS , 984 F.2d 1056, 1060-61 (9th Cir. 1993). Because Owusu failed to meet the less stringent burden of proof required for asylum, this Court need not decide whether she is eligible for withholding of deportation under 8 U.S.C.A. § 1253(h) (West Supp. 1996). Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991).

Therefore, we affirm the decision of the Board of Immigration Appeals and deny the petition for review.

AFFIRMED

4